## Commonwealth v. Gardner

*Michael F. Salisbury*, assistant district attorney for the Commonwealth.

*J. Howard Langdon,* for defendant.

BROWN, *P.J.*, July 11, 1984—Defendant was issued a citation by Trooper Piccolo of the Pennsylvania State Police on February 7, 1984 at 3:40 p.m. Defendant was clocked going 67 miles per hour in an allowed 55 miles per hour speed zone. Trooper Piccolo was operating a radar device that had been properly certified and tested by the Commonwealth.

Defendant was not the owner of the vehicle. It was a company car with which defendant was not familiar. The vehicle was owned by North Central X-Ray, Inc. The vehicle's speedometer was tested by C. S. Powl & Son of Lancaster, Pa., an official Pennsylvania Speedometer Inspection Station on March 7, 1984. It was determined by this testing that if the vehicle's speedometer indicated that the vehicle was traveling 60 miles per hour that the vehicle would actually have been traveling 67.4 miles per hour. Defendant was unaware of the fact that he was traveling at this rate of speed on the date of the violation.

Defendant has argued that he should not be found guilty of this violation because of his unfamiliarity with this vehicle and the fact that this is not his vehicle.

In Sladky Motor Vehicle Operators License Case, 213 Pa. Super. 403, 249 A.2d 786 (1968), the operator was assured by the owner, his employer, that the speedometer would operate properly. However, the Pennsylvania Superior Court still found that the operator's license should be suspended due to a speeding violation: "We are not in accord with the conclusion of the court below that an offense by the operator of a tractor-trailer may be excused on the ground that he was not responsible for the alleged improper functioning of the speedometers." 213 Pa. Super. at 406, 249 A.2d at 787.

Similarly, a defendant was found guilty in Commonwealth v. Ellsworth, 57 D.&C. 2d 381 (1972) where defendant's vehicle had only been driven 200 miles and that the speedometer allegedly had a manufacturer's defect causing it to register lower than the actual speed. This vehicle was also not owned by the operator but by the employer of the operator.

President Judge Wolfe of Warren County stated in Commonwealth v. Ellsworth "that such a holding borders on absolute liability but nonetheless, this risk to the operator must be weighed against the safety of the public generally. If defendant's argument is accepted, we do not see how the Commonwealth could enforce regulation of the speed of vehicles." 57 D.&C. 2d at 383.

Both of the cases discussed above deal with vehicles that were unfamiliar to the operator and also not owned by the operator but by the employer of the operator. Clearly, these are directly on point with the present case.

The court must agree with President Judge Wolfe that the holding does border on absolute liability. However, no provision of the Vehicle Code nor any appellate decision exonerates an operator for a defective or malfunctioning speedometer or any other equipment and therefore defendant will be found guilty.

## ORDER

And now, July 11, 1984 based upon the foregoing opinion, the court finds defendant guilty of violating 75 Pa.C.S. §3362(a)(2) and it is the sentence of the court that defendant pay the statutorily mandated fine of $49 plus the costs of prosecution. The execution of this sentence shall be stayed until the expiration of the time within which defendant may file post hearing motions as hereinafter explained.

Defendant is herewith advised that he has the right to file a motion in arrest of judgment within ten days of the date of this order on grounds of error appearing on the face of the record or that the evidence is insufficient to sustain the charge or that the court did not have jurisdiction in the case. If the court should rule favorably in such a motion the charge would be dismissed and defendant would be discharged.

Defendant is further advised that he has the right to file a motion for a new hearing within ten days of today's date on grounds of trial errors prejudicial to him or that the verdict is against the weight of the evidence or for other possible reasons. If the court should rule favorably on such a motion a new hearing would be granted.

Defendant is also advised that if such motions are filed and the court rules against him that he has the right of appeal to a higher court only on the grounds

contained in such motions. If such motions are not filed or even if they are filed but are later voluntarily withdrawn by defendant, the legal effect will be that the verdict entered today will stand and he will be waiving or giving up his right to file such motions and to appeal to a higher court.